# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 16-CV-213-JED-PJC<br>) |
| VICTOR R. MARQUEZ, SUEZETTE MARQUEZ, PSYCHO PATH, LLC, and LISA McCLAIN, | )<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

**I.    Background**

In this diversity action, the plaintiff, Mesa Underwriters Specialty Insurance Company (Mesa), seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, concerning insurance coverage issues. According to the Complaint, the insurance contract at the center of this action is a commercial general liability policy (the Policy), which was issued to Victor R. and Suezette Marquez d/b/a Psycho Path and was effective from September 25, 2015 to November 15, 2015. Mesa alleges that coverage under the Policy does not exist or is excluded in relation to the injuries and death of Bradyn L. McClain (Bradyn).

Bradyn was fatally injured in an accident on October 31, 2015 while at a haunted house allegedly operated by Victor and Suezette Marquez d/b/a Psycho Path. Bradyn's mother, defendant Lisa McClain, individually and as the special administrator of her son's estate, brought an action against the Marquezes and Psycho Path in state court. That case is pending in Tulsa County District Court and is styled *Lisa McClain, individually and as Special Administrator of the Estate of Bradyn L. McClain, a minor v. Psycho Path, LLC, an Oklahoma limited liability*

*company, and Victor R. Marquez and Suzette Marquez, individually,* Case No. CJ-2015-4565. There, Ms. McClain seeks damages for her son's injuries and death.

In this Court, Mesa seeks a declaration that no coverage exists under the Policy in relation to the liability alleged by Ms. McClain in the state court litigation and otherwise with respect to the incident which resulted in Bradyn's death. All defendants move to dismiss this action. (*See* Doc. 11, 16).

## II. Discussion

### A. The Marquezes and Psycho Path

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act authorizes federal courts to make declarations of rights, but it does not impose a duty to do so. *Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). Whether to entertain a declaratory judgment action is a matter of discretion of the trial court. *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 462 (1945).

The Marquezes and Psycho Path argue that the Court should not exercise jurisdiction in this declaratory judgment action because the issues involved in the case at hand are the same as issues in the state action. (Doc. 16 at 3). The Court disagrees. The issues in this case are different than those involved in the state action. In this case, the dispute is whether Mesa is responsible under its insurance Policy to cover the state court defendants' liability, if any, in the state court action. That issue depends on the contract of insurance between Mesa and the Marquezes, d/b/a Psycho Path. Mesa is not a party to the state action, and the ultimate issue there is whether the

defendants in that case are liable for the injuries and death of Bradyn. Although the actions involve similar circumstances, they do not involve identical issues, and whether the Policy provides coverage for any liability in the underlying suit will not necessarily be determined in the state court action.

Courts have often been willing to exercise jurisdiction to decide questions relating to the existence of coverage under an insurance policy, even if the issue is ultimately contingent on whether the insured party is found liable in the separate action. *See, e.g., Allendale Mut. Ins. Co. v. Kaiser Engineers*, 804 F.2d 592, 594 (10th Cir. 1986). For example, "[i]nsurers often seek declaratory judgment in federal court (assuming jurisdiction is appropriate) on whether they have a duty to defend an insured under the terms of a liability policy." *Automax Hyundai South, L.L.C. v. Zurich American Ins. Co.*, 720 F.3d 798, 810 n. 3 (10th Cir. 2013). A declaratory judgment may also be appropriate to determine an insurer's prospective responsibility or duty under a policy, and declaratory judgment jurisdiction should not be refused merely because of the pendency of another suit, if the controversy between the parties will not necessarily be determined in that suit. *See Western Cas. and Sur. Co. v. Teel*, 391 F.2d 764, 766 (10th Cir. 1968).

The Tenth Circuit has enumerated five factors a district court should consider in determining whether to exercise jurisdiction under the Declaratory Judgment Act:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata;" [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Ins. & Cas. Co. v. Mhoon,* 31 F.3d 979, 983 (10th Cir. 1994).

Considering the *Mhoon* factors, the Court finds it appropriate to exercise jurisdiction over this declaratory judgment action. This case will not resolve Ms. McClain's claims in state court, but it will clarify the legal relations between Mesa and the defendants in the state court action and will settle the dispute regarding coverage under the Policy. The Marquezes and Psycho Path agree that the "single question to be answered [in this case] is the interpretation of a contract." (Doc. 16 at 5). In contrast, the issue in the pending state action is whether the Marquezes and Psycho Path are liable for Bradyn's injuries and death. Thus, Mesa does not seem to be seeking declaratory action for purposes of "procedural fencing" or racing to res judicata; the issues are different. There is also no indication that this declaratory judgment action would increase friction between this Court and the state courts. Each court is dealing with separate issues, which should result in no tension.

The Marquezes and Psycho Path further contend that the Court should abstain from exercising jurisdiction in this case under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention doctrine does not apply in these circumstances, but is typically limited to cases in which a litigant is asking a federal court to determine issues pending in a state forum. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001). The Tenth Circuit requires three elements for *Younger* abstention to be appropriate: (1) federal "interference with the ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims." *J.B. v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999).

The defendants have not established how this action would negatively interfere with the pending state action. As noted, Mesa is not a party to the state court action, and the insurance coverage issues in this case are not pending before the state court. Further, there is no important

state interest at stake in this proceeding. *See, e.g., Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619 (1986) (elimination of prohibited sex discrimination is an important interest); *Eagle Air Med Corp. v. Colo. Bd. of Health*, 570 F. Supp. 2d 1289 (D. Colo. 2008) (state has an important interest in regulation of the safety of air ambulance services). A state interest is deemed "important" only "where 'exercise of the federal judicial power would disregard the comity between the States and the National Government." *United Nat'l Ins. Co. v. WNC, Inc.*, 2014 WL 1883885, *10 (N.D. Okla. May 12, 2014) (unpublished) (citing *Grieve v. Tamerin,* 269 F.3d 149, 152 (2d Cir. 2001) and quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 13, (1987)). The defendants cannot establish that determination of rights and relations under a commercial insurance policy would impact any important state interest here.

There are no clear justifications to warrant dismissal of the Marquezes or Psycho Path, or to require abstention at this time. Their dismissal motion (Doc. 16) is **denied**.

### B. Lisa McClain

In her dismissal motion, Ms. McClain first argues that there are "common dispositive issues in the state case and the later-filed federal case [which] are factual in nature" and "must be decided in accordance with Oklahoma law." (Doc. 11 at 4). However, she does not explain what those allegedly common dispositive issues are. As noted above with respect to the other defendants' arguments, the state case involves the ultimate issue of whether the defendants in that case are liable for damages for the injuries and death of Bradyn, whereas the suit here is to determine whether Mesa's Policy provides insurance coverage for any damages awarded against its insureds.

Ms. McClain also moves for dismissal based upon her argument that she is not a proper party to the action under *Knight v. Miller*, 195 P.3d 372 (Okla. 2008), because she does not have contractual privity with the insurer. *Knight* is distinguishable. That case addressed whether an

injured party who is a stranger to an insurance policy and has not obtained a judgment may bring a declaratory judgment action (under Oklahoma law) against the tortfeasor's liability insurer. In contrast, the issue presented here is whether an insurer may bring a declaratory judgment action under 28 U.S.C. § 2201 for a declaration of the rights of the insurer and insured and may join interested parties in such a suit.

"Ordinarily, in an action for a declaratory judgment, all persons interested in the declaration are necessary parties." *Franklin Life Ins. Co. v. Johnson,* 157 F.2d 653, 658 (10th Cir. 1946) (citation omitted). Further, "[i]n declaratory actions brought to determine coverage under insurance policies issued to protect the insured against liability to [a] third person, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured." *Franklin Life*, 157 F.2d at 658 (citations omitted). In *Maryland Casualty Co. v. Pacific Oil & Coal Co.*, 312 U.S. 270, 273 (1941), the court determined that an insurer's declaratory judgment action against an injured third party involved a justiciable controversy, even though any claim the injured third party may have would be contingent upon (1) the injured party obtaining a final judgment in state court against the insurer's insured and (2) the insured's failure to personally satisfy the judgment. In accord with the foregoing authorities, Ms. McClain is an interested party.

However, Mesa represents that it "does not object to McClain's dismissal without prejudice subject to recognition that McClain was provided opportunity to have her voice heard on the coverage issues and voluntarily declined such opportunity." (Doc. 19 at 8). As a result, Ms. McClain's motion to dismiss will be granted, and she will be dismissed from this case without prejudice.

### III. Conclusion

For the foregoing reasons, the dismissal motion (Doc. 16) of defendants Victor R. and Suezette Marquez and Psycho Path, LLC is **denied**. Ms. McClain's motion to dismiss (Doc. 11) is **granted**, and she is dismissed, without prejudice.

SO ORDERED this 13th day of July, 2017.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE